IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DERICK RENIER MARRERO-NIEVES, Petitioner, v. UNITED STATES OF AMERICA, Respondent. | CIV. NO. 20-1157 (SCC) |

**OPINION AND ORDER**

Mr. Marrero-Nieves has filed a petition under 28 U.S.C. § 2255, asking the Court to vacate his sentence for Count Two of the Indictment. Docket No. 1. He claims that he is actually innocent of possessing a firearm in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c), because, although law enforcement found him at a house where there was a firearm, they did not catch him actually possessing it. Thus, he says, the district judge should have sentenced him for constructive possession instead of actual possession.[1] We deny his petition because it is untimely and meritless.

---

1. The government dedicates most of its response to a claim that Mr. Marrero-Nieves does not raise and fails to respond to the merits of the one that he does. Docket No. 8, pgs. 3–5 (explaining why a claim for relief under *United States v. Davis*, 139 S. Ct. 2319 (2019), would fail if he made one).

**I.**

An inmate's § 2255 petition is timely if he places it in his prison's mail system within, as relevant here, one year of "the date on which the judgment of conviction becomes final." § 2255(f)(1); *Morales-Rivera v. United States*, 184 F.3d 109, 111 (1st Cir. 1999) (holding that the prison mailbox rule applies to § 2255 petitions). To take advantage of the mailbox rule, he must submit a "declaration in compliance with 28 U.S.C. § 1746 or . . . a notarized statement, . . . set[ting] forth the date of deposit and state that first-class postage has been prepaid," Rules Governing Section 2255 Proceedings, Rule 3(d), or "evidence (such as a postmark or date stamp) showing that the paper was so deposited and that postage was prepaid," Fed. R. App. P. 25(a)(2)(A)(iii).[2] He fails to do so. We will nonetheless give him the benefit of the earliest date that we see on the envelope that contained his § 2255 petition. Though fuzzy, that date appears to read March 9,

---

2. Rule 3(d) "parallel[s]" Federal Rule of Appellate Procedure 25(a)(2)(C). Rules Governing Section 2255 Proceedings, Advisory Committee Notes on 2004 Amendments. That subsection's content is now located at Federal Rule of Appellate Procedure 25(a)(2)(A)(iii).

2020. Docket No. 1-1, pg. 1. The district judge entered judgment on October 23, 2018. Judgment, *United States v. Marrero-Nieves*, No. 15-cr-00480-SCC-1 (D.P.R. Oct. 23, 2018). The weight of circuit authority holds that, when the defendant does not appeal, the judgment of conviction becomes final when the time to seek direct review ends (*i.e.*, fourteen days later, FED. R. APP. P. 4(b)(1)(A)). *See, e.g., United States v. Gilbert*, 807 F.3d 1197, 1200 (9th Cir. 2015); *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012); *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011); *Anjulo-López v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008); *United States v. Prows*, 448 F.3d 1223, 1227–28 (10th Cir. 2006); *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) (per curiam); *Sánchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). The First Circuit appears to disagree. *See United States v. Ciampi*, 419 F.3d 20, 23 n.2 (1st Cir. 2005) ("As [defendant] failed to appeal from the . . . conviction, the one-year period commenced in March 2000, *when the court entered judgment . . . .*" (emphasis added)). But it does not matter whether we start

the one-year clock when the district judge entered judgment or two weeks later. Either way, Mr. Marrero-Nieves's petition is untimely by several months.

## II.

Mr. Marrero-Nieves's § 2255 petition also fails on the merits. He claims that the district judge erred by sentencing him for actual possession instead of constructive possession. But this is a distinction without a difference. Possession of a firearm in furtherance of a drug-trafficking crime can be either actual or constructive. *United States v. Maldonado-García*, 446 F.3d 227, 231 (1st Cir. 2006) (stating that possession of a firearm in furtherance of a drug-trafficking crime "encompasses not only actual possession but also constructive possession"). And neither § 924(c) nor the sentencing guidelines care which it is. *See* U.S. SENT'G GUIDELINES MANUAL § 2K2.4 (U.S. SENT'G COMM'N 2016).

In sum, the Court **DENIES** Mr. Marrero-Nieves's § 2255 petition because it is untimely and meritless (Docket No. 1). And we **DENY** him a certificate of appealability because he has not "made a substantial showing of the denial

of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) ("A petitioner satisfies [§ 2253(c)(2)] by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.").

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 6th day of October 2022.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE